UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GOAT OWNER, LLC, and GOAT LESSEE, LLC, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 25-434JJM |
| | : | |
| GWT OUTDOORS, INC, | : | |
| Defendant. | : | |

**ORDER DENYING EX PARTE MOTION FOR WRIT OF ATTACHMENT**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pending before the Court is the *ex parte* Motion of Plaintiffs Goat Owner, LLC, and Goat Lessee, LLC, for a Writ of Attachment (ECF No. 5). Based on a Verified Complaint, Plaintiffs allege that they paid Defendant the total sum of $299,541.88 for Renson Cabanas by sending that amount to the bank account in issue over a period of several months in 2024. However, Plaintiffs contend that Defendant, an authorized reseller and installer of Renson products, failed to pay the manufacturer of the cabanas and, as a result, Plaintiffs purchased the cabanas directly from the manufacturer at a greater cost. In response to Plaintiffs' demand for return of the money paid, Defendant initially agreed to a Payment Agreement, as well as to provide other services; in January and February 2025, Defendant partially complied with the Payment Agreement by returning a total of $30,000 of the money it had been paid by Plaintiffs and wrongfully retained. Since February 2025, however, Defendant has failed to comply with the Payment Agreement or any of its other promises.

Plaintiffs filed this case on September 3, 2025; on October 14, 2025, without notice to Defendant, Plaintiffs filed the Motion for Writ of Attachment. By the Motion, Plaintiffs seek an *ex parte* attachment of all assets in the bank account to which their money was sent in 2024, up

to the total of the money they paid (net of the $30,000 repaid) – $269,541.88.  The Motion has been referred to me.  Because I am denying it without prejudice, I am proceeding by Order rather than by Report and Recommendation.

A federal court may issue a writ of attachment pursuant to Fed. R. Civ. P. 64(a), which provides the remedy may be ordered to the extent that it is available under the law of the state where the court is located.  In Rhode Island, R.I. Gen. Laws § 10-5-5 permits the issuance of a writ of attachment; however, the scope of the remedy is cabined by R.I. Gen Laws § 10-5-2, which provides that the writ may issue only after "hearing on a motion to attach, <u>notice of which has been given to the defendant</u> as provided in this section." <u>Id.</u> (emphasis added).  Similarly, Rhode Island Superior Court Rule of Civil Procedure 4(m)(3) (governing attachment) provides that "[a] motion hereunder <u>shall not be granted *ex parte*</u>." <u>Id.</u> (emphasis added).  That *ex parte* relief is not available under the law of Rhode Island was confirmed by the Rhode Island Supreme Court in <u>Shawmut Bank of Rhode Island v. Costello</u>, 643 A.2d 194, 202 (R.I. 1994) (invalidating writ of attachment that issued *ex parte* with no showing of extraordinary circumstances).

In this case, I preliminarily find that Plaintiffs' Verified Complaint establishes "a probability of a judgment being rendered in [their] favor," as Rhode Island Superior Court Rule of Civil Procedure 4(m)(3) requires.  However, because the motion is *ex parte* and Defendant has not had notice or an opportunity to be heard, because the injury is financial and because Plaintiffs have not attempted to demonstrate extraordinary circumstances, the Motion for Writ of Attachment (ECF No. 5) is denied without prejudice to being refiled after notice to Defendant has been given.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 20, 2025